Bartlett, J.
—This is a suit under the civil damage act (Laws 1873, chap. 646), and the only question presented by the appeal is, whether the trial court erred in directing a verdict for the defendant, on the ground that there was no evidence to show that liquor was sold to the plaintiff’s husband, which in any way caused the intoxication of which the wife complained.
It is to be noted that, before directing this verdict, the learned justice who presided at the trial had twice denied motions to dismiss the complaint; first, at the conclusion of the plaintiff’s evidence, and, secondly, after the defendant’s testimony was all in. Indeed, it was not until the counsel for both "parties had summed up to the jury that the determination to direct a verdict was reached. We think the court’s first impressions of the case were correct, and that the jury should have been allowed to pass upon the facts.
There was clear and positive evidence that the plaintiff’s husband was in the habit of going to the defendant’s saloon and drinking there. The plaintiff herself testified that she had seen him there on more than one occasion— on a hundred occasions—and that his condition at these times was nearly always one of gross intoxication; that she begged the defendant not to give him anything more to drink; and that Mr. Betz then said: “Mr. Ackerman, go home; we do not want such men as you here; you are no credit to this place; and I promise you, Mrs. Ackerman, he shall never have another drop to drink in this place.” The plaintiff’s daughter, who was with her at the time of this interview, corroborates her mother, saying that the defendant declared he would not sell Mr. Ackerman another drop. In view of this testimony the point made on the respondent’s brief that the plaintiff did not say she ever saw her husband drinking any liquor in the defendant’s saloon, but merely said that she saw him drinking there, hardly merits serious consideration. A liquor dealer is not likely to say that a person shall never have another drop to drink in his saloon, if he is talking about water, or if the person in question has not previously had liquor or some other intoxicating beverage to drink there. The testimony to which we have referred, and there is more of a similar nature, would, if believed by the jury, fairly warrant the inference that the intoxication of the plaintiff’s husband when at the defendant’s saloon, was caused in whole or in part by liquors furnished to him by the defendant or his agents.
That the loss of support, which the plaintiff suffered, was due to the intoxication of her husband brought about by what he drank at the defendant’s saloon rather than by what he drank elsewhere may not be so clear; but still there was quite enough evidence to that effect to take the *357 case to the jury. Although he resorted to other drinking places, the proofs show no such frequency of attendance elsewhere as characterizes his visits to the defendant’s saloon, according to the testimony of the wife; and on the whole case, we cannot say that the facts disclosed by the record would not have sustained a finding that the plaintiff’s straitened circumstances were attributable to the drunkenness of her husband produced to some extent, at least, through the agency of the defendant.
The judgment should be reversed, and a new trial granted, with costs to the apellant, to abide the event.
Daniels, J., concurs.